Filed 3/19/15  P. v. Hamilton CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B256751 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA041750) |
| v. | |
| FREDERICK ROMAN HAMILTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  William C. Ryan, Judge.  Affirmed.

Suzan E. Hier, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Carl N. Henry, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Defendant Frederick Roman Hamilton appeals from an order denying his petition for Proposition 36 resentencing pursuant to Penal Code section 1170.126.[1] Defendant contends his commitment offense—criminal threats—does not render him ineligible for resentencing because he committed that offense before it was added to the list of "serious" felonies set forth in section 1192.7, subdivision (c).[2] We affirm the trial court's order finding defendant ineligible.

## BACKGROUND

As far as the record reveals, defendant was charged with, and convicted of, having made criminal threats, in violation of section 422. The information alleged the crime was committed in January of 2000. At that time, criminal threats was not included in the list of "serious" felonies set forth in section 1192.7, subdivision (c). Defendant had prior convictions of first degree burglary, kidnapping, and second degree robbery, all of which were "serious" felonies in January of 2000. In September of 2000, defendant was sentenced to a third strike prison term of 25 years to life.

On March 7, 2000, the electorate approved Proposition 21, which, inter alia, amended the list of "serious" felonies set forth in section 1192.7, subdivision (c) to include criminal threats. (Voter Information Guide, Primary Elec. (Mar. 7, 2000) text of Prop. 21, § 17, p. 125; *John L. v. Superior Court* (2004) 33 Cal.4th 158, 165; § 1192.7, subd. (c)(38).) The provisions of Proposition 21 took effect on March 8, 2000.

Proposition 36, also known as the Three Strikes Reform Act of 2012, was approved by the voters on November 6, 2012, and went into effect the next day. It amended sections 667 and 1170.12 so that an indeterminate term of 25 years to life in prison is applied only where the "third strike" offense is a serious or violent felony or the

---

[1] Undesignated statutory references pertain to the Penal Code.

[2] The same issue is now pending on review in *People v. Johnson* (2014) 226 Cal.App.4th 620, review granted July 30, 2014, S219454; and *Braziel v. Superior Court* (2014) 225 Cal.App.4th 933, review granted July 30, 2014, S218503.

prosecution pleads and proves an enumerated triggering factor. (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2).)

Proposition 36 also created section 1170.126, which provides a procedure for resentencing "persons presently serving an indeterminate term of imprisonment" under the "Three Strikes" law "whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Such a person may file a petition to recall his or her sentence and be resentenced as a second-strike offender. (§ 1170.126, subd. (b).) Essentially, an inmate is eligible for such resentencing if his or her commitment offense is not a serious or violent felony and none of the factors that would trigger a third-strike sentence under the Three Strikes law as reformed by Proposition 36 applies. (§ 1170.126, subd. (e).) Resentencing of qualified inmates may nonetheless be refused if the trial court, "in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

Defendant filed a petition to recall his sentence and be resentenced pursuant to section 1170.126. The trial court denied the petition with prejudice, stating defendant was ineligible for resentencing because his commitment offense, criminal threats, is a serious felony. The trial court's order is appealable. (*Teal v. Superior Court* (2014) 60 Cal.4th 595, 597, 601.)

## DISCUSSION

Defendant contends he was eligible for resentencing because the status of his commitment offense as a serious felony must be determined by the list of serious felony in effect when he committed the offense in January 2000, not the list in effect when Proposition 36 became effective on November 7, 2012. The Attorney General argues eligibility for resentencing is determined by reference to the list of serious felonies in effect when Proposition 36 became effective.

In construing a statute enacted by voter initiative, we apply the same rules of statutory construction that apply to legislative enactments to attempt to determine the intent of the electorate (*People v. Park* (2013) 56 Cal.4th 782, 796.) In determining that

3

intent, we first examine the words of the statute, viewing them in their statutory context and giving them their ordinary and usual meaning. (*People v. Albillar* (2010) 51 Cal.4th 47, 55.) If the language is not ambiguous, its plain meaning governs. (*Ibid*.) "''"If, however, the statutory language is ambiguous, 'we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history.' [Citation.] Ultimately we choose the construction that comports most closely with the apparent intent of the lawmakers, with a view to promoting rather than defeating the general purpose of the statute. [Citations.]"''" (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1369.) Defendant and the Attorney General do not disagree that these are the applicable principles for construing a voter initiative.

## 1.    Language of the statute

Section 1170.126, subdivision (b) provides, in pertinent part, "Any person serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12 upon conviction, whether by trial or plea, of a felony or felonies that *are not defined as serious and/or violent felonies* by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7, may file a petition for a recall of sentence . . . to request resentencing in accordance with the provisions of subdivision (e) of Section 667, and subdivision (c) of Section 1170.12, as those statutes have been amended by the act that added this section." (Italics added.) Similarly, section 1170.126, subdivision (e) provides, in pertinent part, "An inmate is eligible for resentencing if: [¶] (1) The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that *are not defined as serious and/or violent felonies* by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (Italics added.)

"'[The legislative] use of a verb tense is significant in construing statutes.' [Citations.]" (*People v. Loeun* (1997) 17 Cal.4th 1, 11.) According significance to the use of the present tense in section 1170.126, subdivisions (b) and (e), and giving the

4

language of the subdivisions its ordinary and usual meaning, an inmate serving a third strike term is eligible for resentencing under Proposition 36 only if his or her commitment offense was not listed as a serious or violent felony as of the date Proposition 36 went into effect, November 7, 2012. Because defendant's commitment offense was listed as a serious felony on November 7, 2012 in section 1192.7, he was ineligible for resentencing.

This plain meaning is consistent with section 1170.126, subdivision (a), which provides, "The resentencing provisions under this section and related statutes are intended to apply exclusively to persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, *whose sentence under this act would not have been an indeterminate life sentence.*" (Italics added.) Defendant's sentence under Proposition 36 would have been an indeterminate life sentence because his commitment offense was a serious felony.

If the resentencing provisions of Proposition 36 instead were intended to utilize the definitions of serious and violent felonies in effect at the time of a defendant's commitment offense, the drafters easily could have so provided. For example, resentencing eligibility could have been granted to anyone serving an indeterminate term under the Three Strikes law upon conviction "of a felony or felonies that *were not defined* as serious and/or violent felonies at the time the person committed the offense or offenses." Such a provision was not enacted, and the use of the present tense in describing resentencing eligibility makes defendant's interpretation of the statutory language strained.

Defendant concedes that the use of the present tense in section 1170.126 is "significant." Defendant argues that the definition of a serious felony for purposes of resentencing under Proposition 36 and of a qualifying strike under the "'Three Strikes Law'" should be read in pari materia. In other words, he appears to contend that the date

5

of the commission of the commitment offense should govern any provision within the Three Strikes law, including resentencing under Proposition 36.

Defendant relies, in part, upon section 1170.125, arguing that "[t]he 'on or after' language of section 1170.125 has always been construed to mean that for purposes of the 'Three Strikes Law' the definition of violent or serious felony is controlled by the definition of those terms in effect on the date of the commission of the offense being sentenced." Although this is generally a correct statement of law with respect to strike priors (*People v. James* (2001) 91 Cal.App.4th 1147, 1150–1151 (*James*)), neither *James* nor section 1170.125 supports defendant's contention that he is eligible for resentencing under Proposition 36.

Section 1170.125, as amended by Proposition 36, provides, "Notwithstanding Section 2 of Proposition 184, as adopted at the November 8, 1994, General Election, for all offenses committed on or after November 7, 2012, all references to existing statutes in Sections 1170.12 and 1170.126 are to those sections as they existed on November 7, 2012."[3] Section 1170.125 is expressly applicable only to "offenses committed on or after November 7, 2012." Because defendant committed his commitment offense before that date, section 1170.125 does not apply to him. Nor does section 1170.125 expressly or implicitly support defendant's contention that for defendants whose commitment offense predated Proposition 36, references to statutes in section 1170.126 are to the versions in effect at the time of commission of the commitment offense. The drafters of the proposition easily could have added such a provision to section 1170.126 if they intended the date of the commitment offense to govern eligibility for resentencing, but they did not do so.

---

[3] Prior to its amendment by Proposition 36, section 1170.125 provided, "Notwithstanding Section 2 of Proposition 184, as adopted at the November 8, 1994, General Election, for all offenses committed on or after the effective date of this act, all references to existing statutes in Sections 1170.12 are to those statutes as they existed on the effective date of this act, including amendments made to those statutes by the act enacted during the 2005–2006 Regular Session that amended this section."

In addition, the cases citing the principle of construction on which defendant relies pertain only to the determination of whether prior offenses constitute strikes in the original sentencing proceeding, not whether the commitment offense is a strike for purposes of a subsequent resentencing proceeding. For example, in *James*, *supra*, 91 Cal.App.4th 1147, cited by defendant, Division Two of this court held that where a defendant's commitment offense was committed after the effective date of Proposition 21, the strike status of his prior convictions was to be determined by reference to the lists of serious or violent felonies as amended by Proposition 21. (*James*, at p. 1151.) *People v. Superior Court* (*Andrades*) (2003) 113 Cal.App.4th 817, 826–830, also cited by defendant, reached the same conclusion. *People v. Ringo* (2005) 134 Cal.App.4th 870, 884, also cited by defendant, addressed a different issue, but reached a consistent conclusion in holding the date of the commitment offense governs the determination of whether a prior offense constitutes a serious felony for which a five-year enhancement pursuant to section 667, subdivision (a)(1), may be imposed.

*In re Jensen* (2001) 92 Cal.App.4th 262, another of defendant's authorities, involved a defendant whose commitment offense predated Proposition 21. Thus, whether his prior juvenile adjudication of voluntary manslaughter constituted a strike was to be determined by reference to the list of offenses included in Welfare and Institutions Code section 707, subdivision (b) before the passage of Proposition 21. (*Jensen*, at p. 266.)[4]

---

[4] In a footnote, the *Jensen* court noted that Proposition 21 added voluntary manslaughter to the list set forth in Welfare and Institutions Code section 707, subdivision (b), and added, "As a result, adjudications of voluntary manslaughter that were committed on or after March 8, 2000 qualify as strikes." (*Jensen*, *supra*, 92 Cal.App.4th at p. 266, fn. 3.) This was dictum. "Incidental statements or conclusions not necessary to the decision are not to be regarded as authority." (*Simmons v. Superior Court* (1959) 52 Cal.2d 373, 378.) Long before *Jensen*, courts recognized that serious or violent felony convictions predating the Three Strikes law constituted "strikes" supporting a second or third strike sentence under the Three Strikes law. (See *People v. Reed* (1995) 33 Cal.App.4th 1608, 1611–1612.) Thus, the statement in *Jensen* upon which defendant relies is not binding or dispositive.

Finally, defendant's argument ignores the distinction between being sentenced in the original proceeding and being resentenced in a subsequent proceeding under Proposition 36. In the former situation, choosing the date of the crime on which defendant is being sentenced makes sense in determining what qualifies as a strike to avoid an ex post facto concern. As set forth in part 3, *post*, there is no such concern in defining what is a serious felony for purposes of qualifying for a more lenient subsequent resentencing under Proposition 36. In short, there is nothing inconsistent or illogical in giving the present tense in section 1170.126, subdivision (b) its plain meaning.

## 2. Voters' intent

We find nothing in the ballot materials from Proposition 36 that contradicts our reading of the plain language of section 1170.126. The Official Title and Summary section stated the following regarding resentencing: "Authorizes re-sentencing for offenders currently serving life sentences if third strike conviction was not serious or violent and judge determines sentence does not pose unreasonable risk to public safety." (Voter Information Guide, *supra*, Official Title and Summary of Prop. 36, p. 48.)

The Legislative Analyst's analysis of Proposition 36 addressed the resentencing provision, and stated, in pertinent part, "This measure allows certain third strikers to apply to be resentenced by the courts. The measure limits eligibility for resentencing to third strikers whose current offense *is* nonserious, non-violent and who have not committed specified current and prior offenses, such as certain drug-, sex-, and gun-related felonies." (Voter Information Guide, *supra*, Analysis by the Legislative Analyst of Prop. 36, p. 50, italics added.)

Nothing in the arguments in favor of Proposition 36 in the Voter Information Guide addressed eligibility for resentencing, but they are nonetheless instructive regarding the overall intent of the electorate. The arguments included the following: "MAKE THE PUNISHMENT FIT THE CRIME [¶] Precious financial and law enforcement resources should not be improperly diverted to impose life sentences for some non-violent offenses. Prop. 36 will assure that violent repeat offenders are

8

punished and not released early"; "The Three Strikes law will continue to punish dangerous career criminals who commit serious violent crimes—keeping them off the streets for 25 years to life"; "Prop. 36 will help stop clogging overcrowded prisons with non-violent offenders, so we have room to keep violent felons off the streets"; "Prosecutors, judges and police officers support Prop. 36 because Prop. 36 helps ensure that prisons can keep dangerous criminals behind bars for life"; and "Criminal justice experts and law enforcement leaders carefully crafted Prop. 36 so that truly dangerous criminals will receive no benefits whatsoever from the reform." (Voter Information Guide, *supra*, Argument in Favor of Prop. 36, p. 52.)

In their rebuttal to the arguments against Proposition 36, the proponents stated, "Today, dangerous criminals are being released early from prison because jails are overcrowded with nonviolent offenders who pose no risk to the public. Prop. 36 prevents dangerous criminals from being released early. People convicted of shoplifting a pair of socks, stealing bread or baby formula don't deserve life sentences." (Voter Information Guide, *supra*, Rebuttal to Argument Against Prop. 36, p. 53.)

In addition, the findings and declarations in the text of the proposition stated, "This act will: [¶] . . . [¶] (2) Restore the Three Strikes law to the public's original understanding by requiring life sentences only when a defendant's current conviction *is* for a violent or serious crime. [¶] . . . [¶] (5) Prevent the early release of dangerous criminals who are currently being released early because jails and prisons are overcrowded with low-risk, *non-violent inmates serving life sentences for petty crimes*." (Voter Information Guide, *supra*, Text of Prop. 36, p. 105, italics added.)

From these Voter Information Guide materials, we conclude the intent of the voters in enacting Proposition 36 was twofold. One objective was to promote and protect public safety by continuing to imprison for 25 years to life those inmates convicted of serious and violent offenses falling within the Three Strikes law. The second was to save state resources—both money and prison space—without undermining the first objective.

9

Allowing defendants whose commitment offense constitutes a serious or violent felony at the time Proposition 36 was enacted to benefit from the proposition's resentencing scheme would be inconsistent with the first goal, even if it would save money and prison space.  Indeed, the strong emphasis on public safety and reforming the Three Strikes law to preclude its application to persons whose commitment offense was a "petty" crime strongly indicates the electorate did not intend to allow a person serving a third strike term after being convicted of at least three serious or violent felonies (two prior convictions and the commitment offense) to be resentenced to a shorter determinate term.  Defendant, for instance, has been convicted of four serious or violent felonies: three strike priors and his commitment offense.  Had he committed his criminal threats offense a few months later in 2000, there would be no question that he was ineligible for resentencing.  The few months' difference in the timing of his commitment offense would not make him any less dangerous in the view of the electorate.

Accordingly, the legislative history of Proposition 36 is consistent with our interpretation of section 1170.126 and inconsistent with defendant's contention.

## 3.      No ex post facto or equal protection problem

Defendant does not raise an ex post facto or equal protection claim, but merely suggests "there may be . . . problems."  We briefly address each suggestion.

The ex post facto clause of the federal Constitution prohibits legislation that (1) punishes as a crime an act that was innocent when it was committed; (2) makes more burdensome the punishment for a crime, after its commission; or (3) deprives a defendant of any defense available according to law at the time when the charged crime was committed.  (*Collins v. Youngblood* (1990) 497 U.S. 37, 42 [110 S.Ct. 2715].)  Courts have interpreted California's ex post facto clause identically.  (*People v. Grant* (1999) 20 Cal.4th 150, 158.)

Applying the definitions of serious and violent felonies as they existed on November 7, 2012, to determine eligibility for resentencing does not punish an act that was innocent when committed, make the punishment for the act more burdensome, or

deprive a defendant of any defense.  Accordingly, our construction of the statute does not implicate any ex post facto concern.

Defendant suggests an equal protection problem might arise where two defendants committed the same offense at the same time, "but for some reason [one of them] was not tried or convicted until after 2012 and is only subject to a Second Strike sentence" whereas the other "must retain his indefinite term."  Temporal classifications resulting from a statutory change do not violate equal protection.  (*People v. Floyd* (2003) 31 Cal.4th 179, 188–190.)  "'[T]he Fourteenth Amendment does not forbid statutes and statutory changes to have a beginning and thus to discriminate between the rights of an earlier and later time.'"  (*Baker v. Superior Court* (1984) 35 Cal.3d 663, 669 [extension of MDSO commitments following repeal of MDSO law did not violate equal protection], quoting *Sperry & Hutchinson Co. v. Rhodes* (1911) 220 U.S. 502, 505 [31 S.Ct. 490].)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


BENDIX, J.*

We concur:


ROTHSCHILD, P. J.


CHANEY, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.